IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GALLARDO, CARLOS BARRAGAN, KYLE BINNS, CARLOS CRUZ, JENNIFER DE WITT, HECTOR RODRIQUEZ, DENISE ROMAN, individually and on behalf of all other similarly situated,<br><br>　　Plaintiffs,<br><br>　v.<br><br>AT&T MOBILITY, LLC,<br><br>　　Defendant.<br>_____/ | No. C 11-4749 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STRIKE (Docket No. 22) |

Defendant AT&T Mobility, LLC has filed a motion to dismiss this action and to strike allegations that the complaint is brought on behalf of other unnamed individuals because Plaintiffs have not satisfied the requirements of Federal Rule of Civil Procedure 23. Plaintiffs have filed an opposition. The motion was decided on the papers. Having considered all of the parties' papers, the Court DENIES Defendant's motion to dismiss or strike.

BACKGROUND

The facts set forth herein are those alleged in Plaintiffs' complaint and in the documents of which Defendant has requested judicial notice, without objection from Plaintiffs.

1    Plaintiffs and the workers they seek to represent are current
2 and former Retail Sales Consultants (RSCs) for Defendant who work
3 or have worked in one or more of the AT&T Mobility retail stores
4 throughout California. Complaint ¶¶ 1-8. This dispute arises out
5 of Defendant's decision to remove seats from the sales floors of
6 its retail stores in California. Defendant began removing the
7 seats as part of its efforts to remodel all of its stores to
8 create uniformity following the merger of Cingular Wireless and
9 AT&T Wireless. Id. at ¶ 16. Plaintiffs allege that by, 2007,
10 seating had been removed from the sales floor of all of
11 Defendant's stores. Id. at ¶ 17.
12    Plaintiffs are members of the bargaining unit of the
13 Communications Workers of America, Local 9505, District 9 (the
14 Union). On January 30, 2007, the Union filed a grievance against
15 Defendant under the Collective Bargaining Agreement (CBA) that
16 governed the terms and conditions of Plaintiffs' employment with
17 Defendant. Def. Request for Judicial Notice, Ex. C. The
18 grievance form challenged Defendant's decision to remove seats
19 from the sales floors of its stores and not to provide stools for
20 CSRs to sit or lean on while providing service from behind a
21 counter. The Union sought an order that "all working employees
22 shall be provided with suitable seats when the nature of the work
23 reasonably permits the use of seats." Id. The parties submitted
24 the grievance to binding arbitration pursuant to the CBA's dispute
25 resolution provision.
26    On March 31, 2010, the arbitrator entered an opinion and
27 award. Defendant's Request for Judicial Notice, Ex. D. The
28 parties agreed that the arbitrator had the authority to determine

2

the scope of the issues to be decided in the arbitration.  Id. at 1.  The arbitrator determined that the following four issues were before him:

> (1) Did the grievance language and its subsequent handling provide sufficient notice to the Company of the "failure to bargain" issue so as to make the merits of that issue arbitrable?  If so,
>
> (2) Did the company fail to bargain with the Union over its decision to remove the chairs from the old Cingular stores and not replace them with stools, and, if so, what is the appropriate remedy?
>
> (3) Does Article 16, Section 3 preclude arbitration of the grievance claiming that the failure to provide adequate seating for customer service representatives violates the CBA and/or California law?  If not,
>
> (4) Is the Company violating the collective bargaining agreement and/or applicable California law by not providing seating to its customer service representatives, and, if so, what is the appropriate remedy?

Id. at 2.  The arbitrator concluded that (1) the grievance language provided sufficient notice to Defendant of the "failure to bargain" issue; (2) Defendant failed to bargain in violation of the CBA; (3) contrary to the Defendant's argument otherwise, whether the removal of seating violated the CBA and/or California law was arbitrable; and (4) the removal of seating did not violate the terms of the CBA or Industrial Welfare Commission (IWC) Wage Order 4-2001, Section 14 (Section 14).  Id. at 8-11.  The arbitrator declined to require Defendant to provide seating as a remedy for its failure to bargain, and instead directed the parties to discuss an appropriate form and measure of compensation.  Id. at 13.

On August 19, 2011, Plaintiffs filed a complaint in Alameda County Superior Court, alleging that Defendant violated California

Labor Code section 1198 by failing to provide seating, in violation of Wage Order 7-2001, Section 14.  Plaintiffs seek penalties on behalf of themselves and other former and current RSCs pursuant to the California Labor Code Private Attorneys General Act of 2004 (PAGA), California Labor Code sections 2698 et seq., and prospective injunctive relief under California's Unfair Competition Law (UCL), California Business and Professions Code sections 17200 et seq.

Defendant removed the complaint to this Court on September 23, 2011, and the Court granted a series of stipulated stays while the parties attempted to settle this action.  Defendant now moves to dismiss or strike, arguing that (1) Plaintiffs' claims are barred under the doctrine of res judicata based on the arbitrator's decision; (2) Plaintiffs' claims fail as a matter of law because they cannot establish a violation of Section 14; (3) Plaintiffs' representative PAGA claim fails because it does not comply with Federal Rule of Civil Procedure 23; (4) any award of penalties pursuant to PAGA would be unjust, arbitrary, oppressive, and confiscatory as a matter of law; (5) Plaintiffs' UCL claim fails as a matter of law; (6) Plaintiffs' UCL claim is time-barred; and (7) the representative allegations of the UCL claim must be dismissed or stricken because they fail to comply with Rule 23.

## LEGAL STANDARD

I.  Motion to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to

4

state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

II.  Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Matter is immaterial if it has no essential or important relationship to the claim for relief plead. Id. Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. Id. Motions to strike are disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). They should not be granted unless it is clear that the matter to be stricken could have no possible

5

bearing on the subject matter of the litigation. Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

DISCUSSION

I. Res Judicata

Defendant first argues that the arbitrator's decision bars Plaintiffs' claims under the doctrine of res judicata. The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars future claims by the same parties based on the same causes of action. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the prior action; rather, the relevant inquiry is whether they could have been brought. Tahoe-Sierra, 322 F.3d at 1078. The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Three elements must be present in order for res judicata to apply: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or their privies. Allen, 449 U.S. at 94. Final arbitration awards can have preclusive effect. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir. 1992). However, "res judicata bars only those grounds for recovery which

could have been asserted in the prior litigation." Id. Accordingly, "a claim is not barred by res judicata if the forum in which the first action was brought lacked subject matter jurisdiction to adjudicate that claim." Id.

Here, the arbitrator found that Defendant's decision not to provide seating for CSRs was not a violation of Section 14. Def. Request for Judicial Notice, Ex. D at 11. Plaintiffs now argue that the arbitrator lacked the authority to make such a determination.[1] Plaintiffs cite various provisions of the CBA, which limit arbitration to "matters processed through all steps of the formal grievance procedure" and provide that "grievances shall be confined to differences arising out of the interpretation and application of the terms or provisions of [the CBA]." Def. Request for Judicial Notice, Ex. C at 8, 13. The CBA further provides,

> The arbitrator shall be confined to the subjects submitted for decision, and may in no event, as a part of any such decision, impose upon either party any obligation to arbitrate on any subjects which have not been herein agreed upon as subjects for arbitration. The arbitrator . . . shall not have the power to add to,

---

[1] Both Plaintiffs and Defendant argue that the other party should be estopped from taking their respective positions regarding the validity of the arbitrator's finding. As Plaintiffs point out, Defendant argued in its post-hearing arbitration brief that the arbitrator did not have the authority to determine state law claims. And, as Defendant points out, Plaintiffs framed the issue to be decided by the arbitrator as whether Defendant violated the CBA and the Wage Order when it removed the chairs from its stores. Now, before this Court, the parties have switched their positions, with Defendant arguing that the arbitrator appropriately found that the removal of the chairs was not a violation of the Wage Order and Plaintiffs arguing that the arbitrator lacked the authority to make such a finding. The Court does not find either party's estoppel argument persuasive.

7

>     subtract from, or vary the terms of the Agreement . . .
>     but shall be limited in power and jurisdiction to
>     determine whether there has been a violation of this
>     Agreement.

Id. at 13.  Based on these provisions, Plaintiffs argue that the arbitrator was limited to finding that Defendant violated the CBA by removing the seating without bargaining with the Union and that the removal itself was not a violation of the CBA.

Defendant responds that the Wage Order is "incorporated by reference into the CBA provision that permits AT&T to take 'whatever actions are deemed reasonably necessary to fully comply with laws, rules and regulations regarding safety.'"  Reply Brief at 2.  However, the arbitrator found, "Whether employees can sit while doing some of their job tasks is a health issue, and not one of safety."  Def. Request for Judicial Notice, Ex. D at 11.  Moreover, the provision Defendant cites is a non-arbitration provision, which reads in full:

>     None of the terms of this Agreement shall be applied or
>     interpreted to restrict the Company from taking whatever
>     actions are deemed reasonably necessary to fully comply
>     with laws, rules and regulations regarding safety, and
>     grievance and arbitration provisions of this Agreement
>     shall not apply to any such actions.  Discipline for
>     failure to observe safety rules shall be grievable and
>     arbitrable under the Terms of this Agreement.  <u>Other
>     matters relating to safety may be raised under the
>     Grievance Procedure but not arbitrated.</u>

Id. at 24 (emphasis added).

The Court finds that the arbitrator lacked the authority to make a binding decision regarding Defendant's compliance with the Wage Order.  Accordingly, Plaintiffs' claims are not precluded by res judicata.

8

II. Failure to state a claim for a violation of Section 14(A)

Defendant argues that Plaintiffs have failed to state a claim for violation of Wage Order, Section 14(A), because the "nature of their work" requires them to stand as a matter of law.

Wage Order, Section 14 provides:

> (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
>
> (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

Cal. Code Regs. Tit. 8 § 11070(14).

Defendant first argues that Plaintiffs cannot state a claim because they do not allege that the entire range of their assigned duties could be performed while seated. Defendant cites Hamilton v. San Francisco Hilton, Inc., Case No. 04-431310 (San Francisco Co. Super. Ct. June 29, 2005), which found, "If standing is required for all or part of a job, Section A does not apply and the employer must comply with Section B." Id. at 5. The Hamilton court reasoned that Sections A and B of the Wage Order must be read collectively. Accordingly, the Hamilton court found Section A applies to any job which "reasonably permits the use of seats" and Section B applies to any job "where all or part of the job requires standing." Id. As Plaintiffs point out, the Hamilton court's reasoning, taken to its extreme, leads to absurd results. For example, an employer would not be required to provide a chair for an administrative assistant, whose primary job involves computer work and answering telephones, if he or she was also

9

1 responsible for any tasks that require standing, such as
2 delivering mail, making copies and running brief errands.  The
3 Court is not required to defer to the state court's interpretation
4 of the Wage Order, and is not persuaded by its analysis.

5 　　　　Defendant further cites Kilby v. CVS Pharmacy, Inc., 2012
6 U.S. Dist. LEXIS 76507 (S.D. Cal.), which distinguished between
7 "duties" and the overall "nature of the work" related to the
8 plaintiff's job.  The court granted the employer's motion for
9 summary judgment, finding that where "the majority of an
10 employee's assigned duties must physically be performed while
11 standing, and the employer expects and trains the employee to
12 stand while doing so, the 'nature of the work' requires standing."
13 Id. at *19.

14 　　　　However, Plaintiffs allege that RSCs stand behind counters
15 and use computers when they provide customer service.  Complaint
16 at ¶ 17.  Plaintiffs further allege that "there is ample space
17 behind the counters for stools or other seating;" "[t]here is
18 nothing in the layout and/or design of AT&T Mobility stores that
19 would interfere with the addition of seating for the retail
20 employees;" and "[t]here is nothing in the nature of the work or
21 the activities and/or tasks performed by Retail Sales Consultants
22 in the AT&T Mobility retail stores that would be hindered or in
23 any way negatively impacted by the ability to sit while working
24 behind the counter."  Complaint at ¶¶ 17-19.

25 　　　　Moreover, Plaintiffs have alleged that the nature of the work
26 performed by RSCs permits sitting and identified at least one
27 primary task carried out by RSCs that can be performed while
28 seated.  This is sufficient to state a claim for a violation of

10

the Wage Order. The evidence may show, as it did in <u>Kilby</u>, that the majority of RSCs' duties require them to stand, but that evidence is not presently before the Court and could not be considered on a motion to dismiss.

Defendant also argues that, even if the work RSCs performs behind the counter can physically be performed seated, it has exercised its business judgment to determine that such work requires standing. However, neither of the cases Defendant cites stands for the proposition that any business judgment regarding standing is sufficient. <u>Hamilton</u> only requires deference to "an employer's reasonable job requirements," Case No. 04-431310 at 5, while <u>Kilby</u> only requires that the court "consider an employer's 'business judgment' when attempting to discern the nature of an employee's work." 2012 U.S. Dist. LEXIS 76507 at *15-16. Plaintiffs' reference to Defendant's "belief that the nature of the work performed by the employees prevents the use of seating" does not undermine a claim that such belief is not reasonable. The Court finds that Plaintiffs' allegations are sufficient to state a claim for a violation of Wage Order Section 14(A).

III. Failure to state a claim for a violation of Section 14(B)

Defendant also argues that Plaintiffs have failed to state a claim under Section 14(B) of the Wage Order. However, Plaintiffs allege that Defendant has "failed and refused to provide Retail Sales Consultants with any seating despite the fact that the nature of the work performed by the employees reasonably permits the use of such seats whether or not the employee is engaged in the active duties of his or her employement." Complaint ¶ 22.

11

The Court finds that these allegations are sufficient to state a claim for a violation of Wage Order Section 14(B).

IV. PAGA claims

Defendant next argues that Plaintiffs' PAGA claims must be dismissed because (1) Plaintiff has not made allegations of the class certification elements of Federal Rule of Civil Procedure 23; and (2) any award of penalties would be unjust, arbitrary, oppressive, and confiscatory as a matter of law.

A. Rule 23

The parties agree that an individual suing in a representative capacity under PAGA is not required to satisfy class action requirements if the case is brought in state court. See Arias v. Superior Court, 46 Cal. 4th 969, 975 (2009). However, the Ninth Circuit has not reached the question of whether or not representative PAGA claims brought in federal court must be certified under Rule 23, and the district courts are split on the issue. Some courts have found that "PAGA is a procedural statute, rather than one of substantive law and that, therefore, PAGA is not determinative of the procedures required in federal court." Willner v. Manpower Inc., 2012 U.S. Dist. LEXIS 62227, *21 (N.D. Cal.) (collecting cases).

However, other courts, including every court to reach the issue in this district, have found that representative PAGA claims need not be certified under Rule 23 to proceed. See Willner, 2012 U.S. Dist. LEXIS 62227 at *26; Tholmer v. Rite Aid Corp., 2012 U.S. Dist. LEXIS 36747, *5 (N.D. Cal.); Moua v. Int'l Bus. Mach. Corp., 2012 U.S. Dist. LEXIS 11081, *10 (N.D. Cal.); Sample v. Big Lots Stores, Inc., 2010 U.S. Dist. LEXIS 131130, *8 (N.D. Cal.);

12

Ochoa-Hernandez v. CJADER Foods, Inc., 2010 U.S. Dist. LEXIS 32774, *13 (N.D. Cal.).[2] Several courts in other districts have also reached this conclusion. See, e.g., Kilby, 2012 U.S. Dist. LEXIS 47855 at *20 ("Plaintiff may pursue her PAGA claim as a non-class representative action); Mendez v. Tween Brands, Inc., 2010 U.S. Dist. LEXIS 66454, *11 (E.D. Cal.) ("PAGA claims, by definition, are not class actions").

These courts, which have found PAGA claims need not comply with Rule 23, have focused on the distinction between the purpose of a PAGA representative action and a class action. For example, in Sample, the court noted that "a PAGA claim serves to vindicate the public through the imposition of civil penalties as opposed to conferring a private benefit upon the plaintiff and the represented employees." 2010 U.S. Dist. LEXIS 131130 at *8; see also Tholmer, 2012 U.S. Dist. LEXIS 36747 at *5 ("A PAGA representative claim that is not brought on behalf of a class and seeks only civil penalties is a law enforcement action that is distinct from a class action."); Cardenas v. McLane Foodservice, Inc., 2011 U.S. Dist. LEXIS 13126, *8-9 (C.D. Cal.) ("Since PAGA plaintiffs neither represent the rights of a class nor recover damages, a PAGA claim neither purports to be a class action nor intends to accomplish the goals of a class action."). This

---

[2] One court in this district reached the opposite conclusion in Thompson v. APM Terminals Pac. Ltd., 2010 U.S. Dist. LEXIS (N.D. Cal.). However, in a later case, that same court acknowledged its earlier finding, cited other courts that determined that representative PAGA claims need not be brought as class actions, found that reasoning persuasive and denied the defendant's motion to strike. Willner, 2012 U.S. Dist. LEXIS 62227 at *26.

13

understanding of PAGA is shared by the California Supreme Court, which has held that, when pursuing a PAGA claim, "the employee plaintiff represents the same legal right and interest as state labor enforcement agencies--namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor and Workforce Development Agency." Arias, 46 Cal. 4th at 986.

The Court finds the reasoning of these cases to be persuasive. Accordingly, the Court finds that Plaintiffs need not bring their PAGA claims as a class action. Defendant's motion to dismiss or strike Plaintiffs' PAGA claims on this ground is denied.

B. Penalties

Citing PAGA's provision that the Court may award a lesser amount than the maximum civil penalty if, "based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust arbitrary and oppressive, or confiscatory," Defendant argues that the Court should find that "no penalties could or would be imposed" and strike or dismiss Plaintiff's PAGA claim. Defendant's Motion to Strike at 20-21, citing Cal. Lab. Code § 2699(e)(2). However, Defendant provides no authority to support such a finding at the pleading stage. The Court declines to dismiss or strike on this ground.

V. UCL Claim

A. Failure to state a claim

Defendant argues that, because Plaintiffs' first cause of action fails as a matter of law, their UCL claim must also fail as a matter of law because it is derivative of the first cause of action. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.

14

4th 1134, 1143 (2003) (The UCL "'borrows' violations from other laws by making them independently actionable as unfair competitive practices."). However, the Court finds that Plaintiffs' first cause of action does not fail as a matter of law. Accordingly, the Court will not dismiss Plaintiffs' UCL claim on this basis.

B. Time-Bar

Defendant next argues that Plaintiffs' UCL claim is time-barred. However, since the parties filed their papers, the California Supreme Court has decided that UCL claims are governed by common law accrual rules and the continuous accrual rule may be applied. Aryeh v. Canon Business Solutions, Inc., 55 Cal. 4th 1185, 1196 (2013). A federal court hearing state law claims over which it has supplemental jurisdiction must apply state substantive law in adjudicating those claims. See Felder v. Casey, 487 U.S. 131, 151 (1988). Both state statutes of limitations and issues relating to tolling are considered substantive state law which federal courts must apply in such cases. See Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945)(statute of limitations); Walker v. Armco Steel Corp., 446 U.S. 740, 750-52 (1980)(tolling).

Plaintiffs allege that Defendant has continually failed to provide seating since at least July 7, 2010 through the present. Accordingly, under the continuous accrual rule, Plaintiffs' UCL claim is not barred by the statute of limitations.

C. Representative Allegations

Defendant further argues that Plaintiffs' UCL claim must be dismissed or stricken to the extent it seeks relief on behalf of Plaintiffs and "the current and former employees they represent."

15

1  As Defendant points out, the California Supreme Court has held
2  that a private party seeking to pursue a representative action
3  under the UCL "must meet the requirements for a class action."
4  Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009).  Therefore,
5  Defendant argues that Plaintiffs "must plead allegations in their
6  Complaint that satisfy the class certification elements under Rule
7  23."  Motion to Dismiss at 23.  Plaintiffs do not address
8  Defendant's motion to dismiss on this ground.
9      However, Defendant provides no authority requiring the Court
10 to assess the requirements for class certification at the pleading
11 stage.  Moreover, "[w]hile courts entertain [Rule 12(f) motions to
12 strike class allegations], it is rare that the class allegations
13 are stricken at the pleading stage."  Clerkin v. MyLife.com, Inc.,
14 2011 U.S. Dist. LEXIS 96735, at *9-10 n.4 (N.D. Cal.).  Defendant
15 makes no argument that Plaintiffs' "allegations are 'redundant,
16 immaterial, impertinent, or scandalous.'"  Id. (quoting Federal
17 Rule of Civil Procedure 12(f)).
18     Plaintiffs allege that they represent "current or former
19 employees of AT&T Mobility, who have worked or are currently
20 working as Retail Sales Consultants at AT&T Mobility stores
21 throughout the State of California at some time from July 7, 2010
22 to the present."  Complaint ¶ 8.  This is sufficient to provide
23 Defendant notice of Plaintiffs' proposed class.  Before proceeding
24 with the case as a class action, Plaintiffs will have to file a
25 motion to certify the class.  At that time, Defendant will have an
26 opportunity to challenge whether Plaintiffs' proposed class meets
27 the requirements of Rule 23.
28

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss or strike. A case management conference will be held in this case on Wednesday, April 17, 2013 at 2:00 p.m. in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference.

IT IS SO ORDERED.

Dated: 3/29/2013

CLAUDIA WILKEN
United States District Judge