DAVID A. ROSENFELD, Bar No. 058163
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  drosenfeld@unioncounsel.net
          rperkins@unioncounsel.net

LOCKER FOLBERG LLP
Miles E. Locker, Bar No. 103510
235 Montgomery Street, Suite 835
San Francisco, CA  94104
Telephone:  415.962.1626
Fax:  415.962.1628
E-Mail:  mlocker@lockerfolberg.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GALLARDO, et al, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY, LLC, a limited liability corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | No. 4:11-cv-04749 CW<br><br>***AMENDED* NOTICE OF MOTION & MOTION; MEMORANDUM OF POINTS AND AUTHORITIES FOR ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS; (2) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (3) DIRECTING DISTRIBUTION OF CLASS NOTICE; & (4) SETTING FINAL APPROVAL HEARING**<br><br>Date:  March 20, 2014<br>Time:  2:00 p.m.<br>Courtroom: 2<br>Hon. Claudia Wilken |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .......................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................. iii

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .........................................................2

I.       INTRODUCTION ........................................................................................................2

II.      FACTS AND PROCEDURAL BACKGROUND........................................................2

         A.       FACTS AND PROCEDURE........................................................................2

         B.       SETTLEMENT NEGOTIATIONS ..............................................................3

III.     TERMS OF THE PROPOSED SETTLEMENT AGREEMENT .....................................4

IV.      THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY
         CERTIFIED FOR SETTLEMENT PURPOSES...........................................................5

         A.       THE SETTLEMENT CLASS SATISFIES RULE 23(A) ........................5

                  1.       The Numerosity Requirement is Satisfied ...................................5

                  2.       Questions of Law and Fact are Common to the
                           Class .............................................................................................6

                  3.       The Claims of the Plaintiffs are Typical of the Class .................6

                  4.       The Class Representatives are Adequate ......................................7

         B.       THE REQUIREMENTS OF RULE 23(B) ARE
                  SATISFIED..................................................................................................8

                  1.       Common Questions Predominate .................................................8

                  2.       Class Treatment is a Superior Method..........................................9

V.       THE PROPOSED SETTLEMENT SHOULD BE
         PRELIMINARILY APPROVED ...................................................................................9

                  1.       The Settlement is a Fair and Reasonable Result of
                           Arm's Length Negotiations.........................................................10

                  2.       Counsel for the Parties are Experienced in this Type
                           of Litigation ...............................................................................11

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

i

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

VI.     THE PROPOSED METHOD OF CLASS NOTICE IS
        APPROPRIATE.............................................................................12

VII.    PROPOSED SCHEDULING.................................................................14

VIII.   CONCLUSION...............................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

ii

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Amchem Prods. Inc. v. Windsor,*
    521 U.S. 591(1997) ..................................................................................... 5

*Browning v. Yahoo! Inc.,*
    2006 WL 3826714 (N.D. Cal. 2006) ......................................................... 5

*Churchill Village LLC v. General Electric,*
    361 F.3d 566 (9th Cir.2004) .................................................................... 12

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir.1992) .................................................................. 10

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) ................................................................................. 12

*Haley v. Medtronic, Inc.,*
    169 F.R.D. 643 (C.D. Cal.1996) ................................................................ 6

*Hammon v. Barry,*
    752 F.Supp. 1087 (D.D.C. 1990) ............................................................ 10

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir.1998) ................................................................ 6, 8

*In re Armored Car Anti-Trust Litigation,*
    472 F.Sup. 1357 (N.D. Ga.1979) ............................................................ 10

*In re Chicken Anti-Trust Litigation,*
    560 F.Supp. 957 (N.D. Ga. 1980) ........................................................... 10

*In re Linerboard Antitrust Litigation,*
    296 F.Supp.2d 568 (E.D.Pa.2003) .......................................................... 10

*In re Wirebound Boxes Antitrust Litigation,*
    128 F.R.D. 268 (D. Minn.1989) ................................................................ 8

*Jordan v. County of Los Angeles,*
    669 F.2d 1311 (9th Cir. 1982) .................................................................. 5

*Kirkorian v. Borelli,*
    695 F.Supp. 446 (N.D. Cal.1988) ........................................................... 10

*Klay v. Humana, Inc.,*
    382 F.3d 1241 (11th Cir.2004) ................................................................. 8

*Lockwood Motors Inc. v. General Motors Corp.,*
    162 F.R.D. 569 (D. Minn.1995) ................................................................ 8

*Mars Steel Corp. v. Continental Illinois Nat'l Bank and Trust Co.,*
    834 F.2d 677 (7th Cir. 1987) ................................................................... 10

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
   221 F.R.D. 523 (C.D.Cal.2004) ................................................................. 9

*Pridd v. Edelman*,
   883 F.2d 438 (6th Cir. 1989) ................................................................. 10

*Reed v. General Motors Corp.*,
   703 F.2d 170 (5th Cir.1983) ................................................................. 10

*Ross v. Trex Co., Inc.*,
   2009 WL 2365865 (N.D. Cal.2009) ................................................................. 10

*Sommers v. Abraham Lincoln Federal Savings & Loan Assn.*,
   79 F.R.D. 571 (E.D. Pa.1978) ................................................................. 10

*Stanton v. Boeing,Inc.*,
   327 F.3d 938 (9th Cir.2003) ................................................................. 6

*Steinberg v. Carey*,
   470 F.Supp. 471 (S.D.N.Y.1979) ................................................................. 10

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir.1996) ................................................................. 9

*White v. Local 942*
   688 F.2d 85 (9th Cir.1982) ................................................................. 7

**State Cases**

*Cicarios v. Summit Logistics, Inc.*,
   133 Cal.App.4th 949 (2005) ................................................................. 7

*Fashion Valley Mall v. NLRB*,
   42 Cal.4th 850 (2007) ................................................................. 11

*Morillion v. Royal Packing Co.*,
   22 Cal.4th 575 (2005) ................................................................. 7, 11

**State Statutes**

Cal. Labor Code § 2699 ................................................................. 3

Cal. Labor Code § 2699.3(i) ................................................................. 11

Cal. Labor Code § 1198 ................................................................. 2, 6

**Federal Rules**

Fed. R. Civ. Proc. 23(c)(2)(B) ................................................................. 12, 13, 14

Fed. R. Civ. Proc. 23(b)(3) ................................................................. 8

Fed. R. Civ. Proc. 23(e)(1) ................................................................. 13

Fed. R. Civ. Proc. 23(a) ................................................................. 5, 8

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

iv

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

Fed. R. Civ. Proc. 23(b) ................................................................................ 8, 9

Fed. R. Civ. Proc. 23(e) ................................................................................ 9, 13

**Other Authorities**

Newberg on Class Actions § 11.25 ............................................................... 10

Newberg on Class Actions § 11.41 ............................................................... 10

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on March 20, 2014, or as soon thereafter as may be heard in Courtroom 2 of the above referenced Court, located at 1301 Clay Street, Oakland, California, 94612, Plaintiffs George Gallardo, Carlos Barrigan, Kyle Binns, Carlos Cruz, Jennifer DeWitt, Hector Rodriguez, and Denise Roman ("Plaintiffs" or "Class Representatives") will and hereby do move this Court for the following relief with respect to the Joint Stipulation for Class Action Settlement and Release of Claims ("Agreement") entered into by Plaintiffs and Defendant AT&T Mobility, LLC (the "Company" or "AT&T"), attached to the Declaration of David A. Rosenfeld as Exhibit 1:

1.      That the Court certify for settlement purposes the following Settlement Class ("the Settlement Class") pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All individuals who worked for AT&T Mobility, LLC in the positions of Retail Sales Consultant ("RSC") or Sales Support Representative ("SSR") in California at any time from July 7, 2010, through January 13, 2014.

2.      That the Court appoint Plaintiffs as Class Representatives of the Settlement Class;

3.      That the Court appoint Plaintiffs' attorneys as Class Counsel for the Settlement Class;

4.      That the Court grant preliminary approval of the Joint Stipulation for Class Action Settlement and Release of Claims, which is attached to the Declaration of David A. Rosenfeld as Exhibit 1;

5.      That the Court approve mailing to the Settlement Class the Proposed Notice to Class Members of Pendency of Class Action Settlement and Request for Exclusion, attached as Exhibits A and B, respectively, to the Agreement, Exhibit 1;

6.      That the Court appoint Gilardi & Co. LLC  as the Claims Administrator; and

7.      That the Court schedule a hearing for final approval of the Settlement.

This motion is based on this notice, the following memorandum in support of the motion, and the Declaration of David A. Rosenfeld in support of the motion, as well as the Court's record

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

of this action and all matters of which the Court may take notice, and the oral and documentary evidence presented at the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.        INTRODUCTION

Plaintiffs George Gallardo, Carlos Barrigan, Kyle Binns, Carlos Cruz, Jennifer DeWitt, Hector Rodriguez, and Denise Roman, by and through their counsel of record, Weinberg, Roger & Rosenfeld and Locker Folberg, seek the Court's preliminary approval of a settlement of all claims raised in this action.

## II.        FACTS AND PROCEDURAL BACKGROUND

**A.        FACTS AND PROCEDURE**

This action was originally commenced against AT&T Mobility, LLC (the "Company" or "AT&T") in the Alameda County Superior Court as a representative action asserting that the Company violated Industrial Welfare Commission Wage Order 7-2001 ("Wage Order 7") when it began removing existing seating from its retail stores throughout California. Plaintiffs alleged that Wage Order 7 requires seating to be provided to workers when the nature of the work reasonably permits and that the nature of the work at the Company's retail locations reasonably permitted seating for employees. Plaintiffs alleged the violation of Wage Order 7 constituted a violation of California Labor Code § 1198, which makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. Plaintiffs, on behalf of themselves and all similarly situated employees of the Company, sought to recover penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq*. and prospective injunctive relief under the Unfair Competition Law, Business & Professions Code § 17200, *et seq*. While Plaintiffs did not have a precise number, the complaint alleged there were approximately 3,000 affected employees.

The Company removed the complaint to this Court on September 27, 2011. Thereafter, the parties entered into a series of stipulated stays while they engaged in good faith, arms-length negotiations. The Company disputed Plaintiffs' allegations in all material respects, contending there was no violation of Wage Order 7 or Cal. Labor Code § 1198 by removing seating for

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

workers, and took the position that class certification was required for Plaintiffs to assert claims under PAGA, Cal. Labor Code § 2699.  The parties fully briefed the disputed issues of law in connection with the Company's Motion to Dismiss and/or Strike Plaintiffs' Complaint, ECF No. 22.  That motion was denied on April 1, 2013, ECF No. 30.

As part of the settlement, the parties stipulated to the filing of a first amended complaint which included class action allegations.  That stipulation was granted, and the first amended complaint deemed filed on November 25, 2013.  ECF No. 43.

**B.     SETTLEMENT NEGOTIATIONS**

Notwithstanding the different interpretation of the applicable law, the parties began vigorous, arms-length settlement negotiations shortly after the case was removed to this Court. Those discussions continued throughout the litigation.  In early November 2013, the parties reached an initial agreement as to the terms of the settlement.

Although Plaintiffs and their counsel believe their claims are meritorious and that they would eventually prevail in certifying the Settlement Class and on the merits, assuming such certification was necessary for maintaining a PAGA claim, Plaintiffs' counsel considered such factors as the unsettled nature of the law as it pertains to the seating issue, the substantial costs of continued litigation, potential problems of proof, possible defenses to their claims, and the possibility that the case, if not settled now, might not result in any recovery, or might result in a recovery several years from now that is less favorable to the Settlement Class.  Declaration of David A. Rosenfeld ("Rosenfeld Dec."), ¶ 2.  After careful consideration, Plaintiffs have concluded that it is desirable that this class action litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Joint Stipulation for Class Action Settlement and Release of Claims ("Agreement"), attached to the Rosenfeld Dec. as Exhibit 1. Both Plaintiffs and their counsel believe that the terms of the Agreement confer substantial benefits upon, and is in the best interests of, the putative class members.  *Id.*, ¶ 3.

Although the Company denies all the claims and contentions alleged by Plaintiffs, it has agreed that it will not oppose this motion.

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

### III.   **TERMS OF THE PROPOSED SETTLEMENT AGREEMENT**

Following negotiations between the parties, AT&T implemented a new written policy regarding the use of seating at its retail stores.  On December 11, 2013, the Company formally communicated the new policy regarding the use of seating in the Company owned retail locations to its employees and put that policy into effect.  The new policy specifically permits RSCs and SSRs to sit at various times during the scheduled work shift while on duty.[1]

The Company will create a Litigation Settlement Fund of $1,050,000.  Costs of administering the settlement, not to exceed $50,000, and reasonable attorney fees and costs, not to exceed $75,000 will come from the Litigation Settlement Fund.  The remaining amount after deduction of the cost of administering the settlement and attorney fees and costs, will be the Litigation Net Settlement Fund.  Pursuant to statute and subject to Court approval, 75% of the Litigation Net Settlement Fund, or $693,750, will be remitted to the California Labor and Workforce Development Agency and the remaining 25%, $231,250, will be distributed to class members.

Class members will be eligible to recover a pro rata share of the remaining 25% of the Litigation Net Settlement Fund based upon the number of weeks they were employed in an RSC or SSR position in California from July 7, 2010 through January 13, 2014.  Any class member who began working in a represented position after July 7, 2010, will have three weeks deducted from their total eligible weeks to account for the time spent in initial training in a classroom setting where seating was not an issue.  Payments made to class members from the Litigation Net Settlement Fund will be treated as payments in settlement of a disputed claim for civil PAGA penalties and will be paid without employment tax withholdings.  Payment to class members will be reported on an IRS form 1099, to be provided with the settlement payment.

---

[1] While AT&T implemented a new policy regarding the use of seating in its Company-owned retail stores on December 11, 2013, AT&T has and will retain at all times in the future the management right to make and implement all decisions regarding changes to its seating policies and practices, and to make and implement all decisions regarding all aspects of its store design, including, but not limited to, the availability and use of chairs or other seating in its retail stores, provided, however, that upon the Union's request, AT&T will bargain over the effects of any future material changes to its seating policy.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

IV.     **THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR SETTLEMENT PURPOSES**

Plaintiffs request the Court conditionally certify the following proposed Settlement Class:

> All individuals worked for AT&T Mobility, LLC in the positions of Retail Sales Consultant ("RSC") or Sales Support Representative ("SSR") in California at any time from July 7, 2010, through January 13, 2014.

Where settlement is reached prior to class certification, in addition to preliminarily approving the terms of the Settlement Agreement, the court must assess the validity of the settlement class pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure. *Browning v. Yahoo! Inc.*, 2006 WL 3826714 (N.D. Cal. 2006); see also *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (where class certification has not been granted the court must assess whether the class exists). The parties agree that for the purposes of settlement the requirements for class certification are satisfied.

A.     **THE SETTLEMENT CLASS SATISFIES RULE 23(a)**

A class action is appropriate where: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the class or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

1.     **The Numerosity Requirement is Satisfied**

There are at least 300 Company Owned Retail Locations throughout California and approximately 6,600 current and former employees within the Settlement Class. The Ninth Circuit has recognized that classes with fewer than seventy members have been certified in numerous cases. See *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320, n. 10 (9th Cir.1982).[2] The putative class in this case is so large that joinder of all members is impracticable.

_____

[2] Vacated on other grounds, 459 U.S. 810 (1982).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

### 2.     Questions of Law and Fact are Common to the Class

The common questions of law and fact in this action are relatively straightforward.  All of the RSCs and SSRs in the statutory period were subjected to the Company's policy regarding seating, or more appropriately, were denied the ability to sit during the work day.  This common policy gives rise to four common questions of law and fact:

> a.  Whether the nature of the work performed by RSCs and SSRs reasonably permits the use of seating;
>
> b.  Whether the layout and design of AT&T Mobility stores in California can reasonably accommodate the installation of seating for RSCs and/or SSRs;
>
> c.  Whether AT&T Mobility violated Wage Order 7-2001 when it removed seating from it stores; and
>
> d.  Whether AT&T Mobility violated California Labor Code section 1198 when it removed seating from its stores.

All questions of law and fact need not be common to satisfy the commonality requirement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998).  The commonality requirement is met when there is a single issue common to the proposed class.  *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal.1996).  These common questions of law and fact apply to all RSCs and SSRs working during the statutory period, and satisfy the commonality requirement.

### 3.     The Claims of the Plaintiffs are Typical of the Class

Representative claims are "typical" "if they are reasonably coextensive with those of absent class members they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020; see also *Stanton v. Boeing, Inc.*, 327 F.3d 938, 957 (9th Cir.2003) (typicality does not mean claims of the class representative must be identical or substantially identical to those of the absent class members).  The claims of the Plaintiffs are typical of those of the Settlement Class.

Each of the Plaintiffs, like every other member of the proposed Settlement Class, are current of former employees of the Company working as RSCs or SSRs during the statutory period.  As RSCs or SSRs, Plaintiffs and the Settlement Class Members were subjected to the same practices and policies regarding seating.  The claims of both the Plaintiffs and the

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  Settlement Class Members arise from the same course of conduct, involve the same facts, and are

2  based on the same legal theories, satisfying the typicality requirement of Rule 23.

3      **4.**     **The Class Representatives are Adequate**

4      The named Plaintiffs are adequate class representatives in that (1) their attorneys are

5  competent and experienced in class litigation and generally able to conduct the proposed

6  litigation, and (2) the Class Representatives do not have interests that are in conflict with the

7  interests of the class. *White v. Local 942*, 688 F.2d 85 (9th Cir.1982).

8      Plaintiffs retained competent counsel with extensive experience in class action, who are

9  experienced and well-qualified to represent the proposed Settlement Class. Weinberg, Roger &

10 Rosenfeld is the largest and one of the most prominent Union-side labor law firms in California.

11 The firm has represented employees in numerous wage and hour class action lawsuits, including,

12 among others, *Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2005) and *Cicarios v. Summit*

13 *Logistics, Inc.*, 133 Cal.App.4th 949 (2005). Other successful wage and hour class actions

14 include *Fitz v. Able Iron Works*, Los Angeles County Superior Court No. BC 343271; *Hernandez*

15 *v. Central Precast Concrete, Inc.*, Alameda County Superior Court No. RG 05247294; *Matthews*

16 *v. Petrochem Insulation, Inc.*, Alameda County Superior Court No. 2220267565; *Weedle v. Frito-*

17 *Lay*, N.D. Cal. No. C 99-05272 PJH; and *Yarbrough v. Labor Ready, Inc.*, Alameda County

18 Superior Court No.836186-2. Rosenfeld Dec., ¶ 6.

19     Similarly, Locker Folberg has significant experience in prosecuting wage and hour claims

20 and proceedings to enforce the State's wage and hour laws and Orderse of the Industrial Welfare

21 Commission. Counsel at Locker Folberg has been involved with several statewide class action

22 cases involving violations of the California Labor Code that have resulted in multimillion dollar

23 settlements. Locker Folberg represented various amicus groups in the *Brinker Restaurant*

24 litigation, and has argued before the California Supreme Court in *Sonice v. Calabasas A, Inc. v.*

25 *Moreno* on the issue of enforceability of a provision in an employment arbitration agreement that

26 denied the right to have wage and hour claims heard by a Labor Commissioner. Locker Folberg

27 currently represents the plaintiffs in proceedings currently pending before the State Supreme

28 Court, *Mendiola v. CPS Security Solutions*, a case involving the enforceability of agreements to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

exclude sleep time from otherwise compensable hours worked, and the determination of compensability for on-call time. In the past five years, Locker Folberg has served as co-counsel on seven other class action proceedings. Four of those cases resulted in court-approved settlements. The three remaining cases are pending, classes have been certified in two of the cases, and one of those cases is set for trial on Monday, February 3, 2014. (Declaration of Miles E. Locker ["Locker Dec."], ¶¶ 5-10.) Together, Plaintiffs' counsel has ample resources, and years of experience, and expertise to draw upon in representing the class in this matter.

The named Plaintiffs are well aware of their duties as Class Representatives and have remained involved and interested in the prosecution of the case. There is no antagonism between the interests of the Class Representatives and those of the Settlement Class Members. Both the Class Representatives and Settlement Class Members seek monetary relief under the same set of facts and legal theories. Under such circumstances, there can be no conflicts of interest and adequacy of representation is presumed. *In re Wirebound Boxes Antitrust Litigation*, 128 F.R.D. 268 (D. Minn.1989).

## B.    THE REQUIREMENTS OF RULE 23(b) ARE SATISFIED

In addition to satisfying the prerequisites of Rule 23(a), certification under Rule 23(b) requires the class to establish that common questions "predominate over any questions affecting only individual members," and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. Proc. 23(b)(3), *Hanlon*, 150 F.3d at 1022. These requirements are satisfied.

### 1.    <u>Common Questions Predominate</u>

Under Rule 23(b), a class may be maintained if "the court finds that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members." Common issues of fact and law "predominate" where they have a "direct impact on every class member's entitlement to injunctive and monetary relief." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir.2004). The fundamental question is whether the claim asserted seeks to remedy a common legal grievance. *Lockwood Motors Inc. v. General Motors Corp.*, 162 F.R.D. 569, 580 (D. Minn.1995).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

1    Adjudication of the seating issue could establish liability on a class-wide basis.  The

2    Company's seating policy was uniformly applied in all of the Company owned retail locations

3    and affected all members of the Settlement Class, leaving only the question of whether the policy

4    and practice violated applicable law.  There are class-wide common defenses, specifically

5    whether the nature of the work performed by RSCs and SSRs reasonably permits the use of seats,

6    and whether the configuration of the Company owned retail locations is such that it could

7    reasonably accommodate the installation of seating for the workers.  There are no individual

8    issues as Plaintiffs do not seek to recover damages for the violation; instead they sought and

9    obtained a change in the Company's seating policy and penalties permitted under PAGA.  The

10   recovery of penalties as contemplated under the Settlement Agreement does not raise any

11   individual questions.

12          **2.      Class Treatment is a Superior Method**

13          Certification under Rule 23(b) also requires a showing that "a class action is superior to

14   other available methods for the fair and efficient adjudication of the controversy."  That

15   requirement is satisfied.  "When classwide litigation of common issues will reduce litigation costs

16   and promote greater efficiency, a class action may be superior to other methods of litigation."

17   *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.1996).

18          There are approximately 6,600 members in the Settlement Class.  Permitting this action to

19   proceed as a class action is superior to the alternative of individual actions by the class members

20   against the Company.  Class treatment will additionally reduce future litigation costs, promote

21   judicial efficiency in resolving the asserted claims, and negate the chance of inconsistent

22   determinations inherent in individual actions.

23   **V.     THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

24          Under Rule 23(e), the Court will approve a class-action settlement if it is "fair, reasonable,

25   and adequate."  Fed.R.Civ.P. 23(e).  Approval "involves a two-step process in which the Court

26   first determines whether a proposed class action settlement deserves preliminary approval and

27   then, after notice is given to class members, whether final approval is warranted."  *Nat'l Rural*

28   *Telecomm. Coop. v. DirecTV, Inc.,* 221 F.R.D. 523, 525 (C.D.Cal.2004).  "The initial decision to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.1992).  There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Id.*

Preliminary approval of a class action settlement requires that the settlement be "within the range of reasonableness." *Ross v. Trex Co., Inc.,* 2009 WL 2365865, *3 (N.D. Cal.2009) citing Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11–91 (4th ed.2002).  The Court must consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *Ross*, citing *In re Linerboard Antitrust Litigation,* 296 F.Supp.2d 568 (E.D.Pa.2003).  Counsel for the parties are not aware of any objections to the settlement to date.

Courts presume the absence of fraud or collusion in the negotiation of a settlement unless evidence to the contrary is offered.  In short, there is a presumption that the negotiations were conducted in good faith.  *Newberg*, § 11.41; *In re Chicken Anti-Trust Litigation*, 560 F.Supp. 957, 962 (N.D. Ga. 1980); *Pridd v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v. Continental Illinois Nat'l Bank and Trust Co.*, 834 F.2d 677, 681 (7th Cir. 1987).  Courts do not substitute their judgment for that of the proponents, particularly when settlement has been reached by experienced counsel familiar with the litigation.  *Hammon v. Barry*, 752 F.Supp. 1087 (D.D.C. 1990); *Steinberg v. Carey*, 470 F.Supp. 471 (S.D.N.Y.1979); *In re Armored Car Anti-Trust Litigation*, 472 F.Sup. 1357 (N.D. Ga.1979); *Sommers v. Abraham Lincoln Federal Savings & Loan Assn.*, 79 F.R.D. 571 (E.D. Pa.1978).  While the recommendations of counsel proposing the settlement are not conclusive, the opinion of experienced counsel supporting the settlement is entitled to considerable weight.  *Kirkorian v. Borelli*, 695 F.Supp. 446, 451 (N.D. Cal.1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir.1983).

### 1.   <u>The Settlement is a Fair and Reasonable Result of Arm's Length Negotiations</u>

As the Court is aware, the parties have engaged in lengthy, vigorous negotiations to resolve the issues raised in this action as well as in a grievance proceeding on the same issues brought by the Communication Workers of America, District 9, the bargaining representative for

10

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

the RSCs and SSRs in California.[3]  See ECF 22, Exs. C, D.  While there was no formal discovery in this proceeding, evidence was developed in arbitration proceeding on the Union's grievance and through Plaintiffs' investigation.  Plaintiffs relied on and considered this evidence, as well as recent court decisions involving seating issues in reaching the Agreement.

All negotiations were adversarial and at arm's length.  Plaintiffs negotiated for a change in the Company's seating policy and gave serious consideration to structuring a settlement that satisfied the requirements of PAGA and provided a fair and reasonable settlement to the Settlement Class.

In counsels' opinion the Agreement is fair and reasonable.  The Agreement accomplishes the objectives sought in the complaint—the Company policy regarding seating was changed to allow seating during work shifts.  Penalties will be paid under PAGA, with 75% of the Litigation Settlement Net Fund to be paid to the California Labor and Workforce Development Agency as required by Cal. Labor Code § 2699.3(i).  Current and former employees will receive a pro-rata portion of the remaining 25% of the Settlement Fund based on the length of their employment.  Rosenfeld Dec., ¶ 3.

### 2.   Counsel for the Parties are Experienced in this Type of Litigation

Plaintiffs' counsel, Weinberg, Roger & Rosenfeld and Locker Folberg specialize in plaintiff-side employment and labor law.  The Weinberg firm has handled, litigated and settled several wage and hour class actions.  As set forth above, David Rosenfeld has successfully handled several class action lawsuits.  Over his career, Mr. Rosenfeld has represented Unions and their members in thousands of civil and administrative proceedings in state and federal courts and before the National Labor Relations Board.

In addition to the *Morillion* case, which broadened an employer's obligation to pay for all hours worked to include travel time on company vehicles, Mr. Rosenfeld argued *Fashion Valley Mall v. NLRB*, 42 Cal.4th 850 (2007), before the California Supreme Court regarding whether,

---

[3] The Communication Workers of America represents RSCs and SSRs nationwide and in Puerto Rico and the U.S. Virgin Islands.  Resolution of the grievance proceeding on a national level is contingent upon the Court's approval of the settlement in this action.

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1   under California law, a shopping mall may enforce a rule prohibiting persons from urging

2   customers to boycott a store in the mall.  He has also argued two other cases before the California

3   Supreme Court.

4          Mr. Rosenfeld teaches Labor Law and the course "Representing Low Wage Workers" at

5   the Berkeley Law (Boalt Hall).  He is a co-author of *California Workers' Rights*, a manual of job

6   rights, protections, and remedies.  Over the past several years he has also participated in a number

7   of panel discussions and webinars on Union and worker rights and remedies.  Mr. Rosenfeld

8   recently provided practitioner comments to a new book published by Juris Publishing in 2013,

9   *Labor Law Analysis and Advocacy*.  See Rosenfeld Dec., ¶¶ 6-8.

10         As set forth above, Miles Locker has handled several high profile wage and hour class

11  actions, many of which involve questions of first impression that are ultimately decided by the

12  State Supreme Court.  In addition to his involvement in litigation, Mr. Locker co-authored

13  *California Workers' Rights* with Mr. Rosenfeld and has authored articles on wage and hour issues

14  for journals and newsletters published by the Labor and Employment Section of the California

15  State Bar and the California Employment Lawyers Association.  He is a regular speaker at

16  seminars addressing various topics in the field of wage and hour law and is a guest lecturer at Bay

17  Area law schools, including Berkeley Law.  Over the past seven years, Mr. Locker has also been

18  retained as an expert witness on a variety of wage and hour issues in a number of class action

19  cases.  Three of the cases in which Mr. Locker served as an expert witness involved allegations of

20  violations of the seating requirements under the applicable Industrial Welfare Commission Order.

21  See Locker Dec., ¶¶ 7, 9, 10.

22         **VI.    THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE**

23         Class members are entitled to receive the "best notice that is practicable under the

24  circumstances."  Fed. R. Civ. P. 23(c)(2)(B).  Notice is satisfactory if it "generally describes the

25  terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate

26  and to come forward and be heard."  *Churchill Village LLC v. General Electric*, 361 F.3d 566,

27  575 (9th Cir.2004).  Notice that is mailed to each member of a settlement class who can be

28  identified thorough reasonable effort constitutes reasonable notice.  *Eisen v. Carlisle & Jacquelin*,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

417 U.S. 156, 176 (1974). The notice must inform class members "that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B). The court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.,* Rule 23(e)(1).

The parties have agreed on the procedures to provide written notice to the Settlement Class and have jointly drafted a Proposed Notice to Class Members of Pendency of Class Action Settlement ("Proposed Notice") and a Request for Exclusion Form. Rosenfeld Dec., Exs. 1A, 1B. The parties request the Court's approval to send the Proposed Notice and Request for Exclusion, or ones in substantially the same form to the Settlement Class.

The Proposed Notice is accurate, informative, and satisfies the requirements of Rule 23(e). The Proposed Notice explains, among other things: (1) the nature of the action, the Settlement Class, Class Counsel, and the essential terms of the Settlement; (2) the manner in which each Class Member's settlement payment will be calculated; (3) the request for payment of Class Counsel's attorneys' fees and costs; (4) how to participate in the settlement; (5) how to opt-out of the settlement; (6) how to object to the settlement; (7) the Court's procedures for final approval of the settlement; and (8) how to obtain additional information regarding this action and the settlement. The Notice is concisely written, organized, formatted to be as clear as possible and encourages Class Members to contact either the Claims Administrator or Class Counsel with any questions. The Request for Exclusion reiterates the deadlines for submitting the request.

Under the terms of the Agreement, the Claims Administrator will send the Proposed Notice and Request for Exclusion via U.S. Mail to the last known address of each of the Settlement Class Members after undertaking reasonable measures to verify the accuracy of the last known addresses. The Claims Administrator is also required to make a reasonable effort to locate current addresses for all claims that are returned as undeliverable. These provisions will allow the Proposed Notice to reach the largest possible number of Settlement Class Members.

The Proposed Notice clearly explains that any member of the Settlement Class may choose not to participate in the settlement by completing and returning the Request for Exclusion and the deadlines for taking such action. It also clearly explains the ramifications of choosing to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

opt out of the settlement, i.e., that by opting out the individual is giving up the right to receive any monetary relief from the settlement and the right to challenge the settlement or participate in the final approval hearing.  The Proposed Notice also informs the individual that by opting out he or she will not be considered to have released any potential claims against the Company.

The Proposed Notice also explains that Class Members who do not opt out have the right to file written objections to the settlement and may attend the final approval hearing to make their objections.  It explains the procedures an objecting party must follow, specifically that notice of the objections must be given to the Court and all counsel.  Plaintiffs' counsel believes the Proposed Notice meets the requirements of Rule 23(c)(2)(B).

## VII.    PROPOSED SCHEDULING

Assuming the Court preliminarily approves the Agreement on March 20, 2014, the Parties propose the following sequencing and deadlines:

| Action | Deadline |
|---|---|
| Mailing of Notice to Class Members of Pendency of Class Action Settlement | Fifty (50) days after preliminary approval.<br><br>Assuming preliminary approval granted on March 20, AT&T to provide the Claims Administrator with a class list by April 21, 2014;<br><br>Assuming preliminary approval granted on March 20, Notice to Class to be mailed by May 12, 2014. |
| Deadline for Class Members to Opt Out of the Settlement | 45 days after individual Notice to Class Members of Pendency of Class Action Settlement mailed to Settlement Class Members.<br><br>Assuming Notices mailed on May 12, deadline to opt out is June 26, 2014. |
| Deadline for Submission of Objections to Class Action Settlement to Court | 45 days after individual Notice to Class Members of Pendency of Class Action Settlement mailed to Settlement Class Members. |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

*AMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

| Action | Deadline |
|---|---|
| | Assuming Notices mailed on May 12, deadline to file objections is June 26, 2014. |
| Deadline for filing Motion for Final Approval and Application for Award of Attorney Fees and Litigation Expenses | At least fifty-five days after expiration of opt-out and objection deadlines.<br><br>Assuming opt-out and objection deadline is June 26, 2014, deadline for filing final approval motion is August 20, 2014. |
| Deadline for Claims Administrator to file Declaration of Compliance | Seven days prior to Final Approval hearing |
| Final Approval Hearing | To be set by Court |
| Deadline for disbursement to Class Members | Within seventy-five (75) business days after the Court grants final approval, assuming no appeals are filed, or otherwise within forty (40) days of the Effective Date of the Settlement. |

## VIII.   CONCLUSION

Plaintiffs have committed a considerable amount of time, energy, and resources to litigating and settling this action.  In the opinion of Plaintiff's counsel, the proposed settlement is a fair, adequate, and reasonable compromise of the issues in light of the unsettled nature of issues raised in the action.  After weighing the substantial, certain, and immediate benefits of the settlement against the uncertainty of trial and appeal, Plaintiffs believe that the Proposed Settlement warrants this Court's preliminary approval.

////

////

////

////

////

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15

*AMMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW

1        Plaintiffs therefore respectfully request that the Court preliminarily approve the Joint

2    Stipulation for Class Action Settlement and Release of Claims, conditionally certify the action as

3    a class action, appoint Plaintiffs' counsel as Class Counsel, approve the form and substance of the

4    Proposed Notice to Class Members of Pendency of Class Action Settlement and Request for

5    Exclusion, approve the proposed scheduling, and set a date for the final approval hearing.

6

7    Dated:  February 20, 2014                    WEINBERG, ROGER & ROSENFELD
                                                  A Professional Corporation
8
                                                  LOCKER FOLBERG
9
                                                  */S/ DAVID A. ROSENFELD*
10                                    By:            DAVID A. ROSENFELD
                                                    ROBERTA D. PERKINS
11
                                                  Attorneys for Plaintiffs
12

13   1/753765

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

16

*AMMENDED* MTN FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:11-cv-04749 CW