UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE GALLARDO, CARLOS BARRAGAN, KYLE BINNS, CARLOS CRUZ, JENNIFER DEWITT, HECTOR RODRIGUEZ, DENISE ROMAN, individually and on behalf of all others similarly situated,

v.

AT&T MOBILITY, LCC, a limited liability corporation; and DOES 1 through 50, inclusive,

No. 4:11-cv-04749 CW

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs' motion for final approval of a class action settlement came on regularly for hearing on October 9, 2014. David Rosenfeld, Weinberg, Roger & Rosenfeld, appeared on behalf of the Plaintiffs. Michael D. Mandel, McGuire Woods LLP, appeared on behalf of Defendant AT&T Mobility, LLC. No objections to the proposed settlement were filed and no Class members submitted a notice of intent to appear at the hearing.

Upon consideration of the moving papers, review of the Joint Stipulation for Class Action Settlement and Release of Claims and all exhibits thereto, the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims and all exhibits thereto (Dkt. # 60-1), the arguments and representations by the parties, and good cause appearing, the Court now GRANTS the Motion.

The Court hereby makes the following findings and orders:

1. This Order incorporates by reference the definitions in the Joint Stipulation for Class Action Settlement and Release of Claims, attached as Exhibit 1 to the Perkins Declaration (the "Joint Settlement Stipulation"), and all terms defined therein shall have the same meaning in this Order as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims.

2. The Court finds that the terms of the settlement, as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims, incorporated herein by reference and made a part of this Order, were entered into in good faith and are the result of arms'-length negotiations between the parties. The settlement is fair, reasonable, and adequate for the members of the Class when balanced against the risks of further litigation relating to liability and damages issues and potential appeals of rulings.

3. The Court hereby approves the settlement as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims and finds that it is, in all respects, fair, adequate and reasonable, and directs the parties to effectuate the settlement according to the terms of the Joint Settlement Stipulation. In granting final approval, the Court considered the nature of the claims, the amount of the settlement and benefits provided to AT&T employees under the terms of the Joint Settlement Stipulation, and the fact that settlement represents a compromise of the respective positions of the parties.

4. Consistent with the definitions provided in the Joint Settlement Stipulation, the Class members consist of all individuals who worked for AT&T Mobility LLC in the positions of Retail Sales Consultant or Sales Support Representative in California at any time from July 7, 2010 through January 13, 2014, who have not opted out of the action.

5. Due and adequate notice has been provided to all Class members, as required by the Order granting preliminary approval. Distribution of the Notice of Class Settlement and Request for Exclusion has been completed in conformity with the preliminary approval order, including individual notice to all Class members who could be identified and located through reasonable efforts. The Notice of Class Settlement provides sufficient notice of the terms of the settlement to members of the Class and comports with all Constitutional requirements, including those of due process, and is reasonable and adequate. The Request for Exclusion clearly sets out the requirements that must be satisfied in order to be excluded from the settlement.

6. As of the effective date of this Order, the named Plaintiffs/Class Representatives and any Class member who has not submitted a valid and timely opt-out request shall be bound by the releases set forth in the Joint Settlement Stipulation, regardless of whether the Class member received any compensation under the settlement and are hereby permanently barred from prosecuting against Defendant any of the claims released by them under the terms of the Joint Settlement Stipulation.

7. Neither the settlement nor any terms of the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims are admissions by AT&T of liability on any of the actions alleged in the complaint, nor is this Order a finding of the validity of any claims asserted in the complaint, or of wrongdoing by AT&T.

8. The Settlement Sum of $1,050,000 provided for in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims is fair and reasonable.

9. An award of attorneys' fees and expenses to Class Counsel in the amount of $75,000, to be paid from the Settlement Sum is reasonable and warranted by the amount of work and costs incurred in prosecuting this action. The fees and litigation expenses shall be paid to Class Counsel by the Settlement Administrator as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims.

10. Costs of no more than $ 50,000 incurred by Gilardi & Co. for administration of the settlement, to be paid from the Settlement Sum, is reasonable and warranted. The costs shall be paid by the Settlement Administrator as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims.

11. The payment of $693,750 to the California Labor and Workforce Development Agency ("LWDA") is mandated by the provisions of Cal. Labor Code § 2699, *et seq*. The payment shall be made by the Settlement Administrator as set forth in the Joint Settlement

Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims. Any checks that are returned to the Settlement Administrator as undeliverable, or that remain uncashed for ninety (90) days after mailing shall be voided and the aggregate value of the checks shall be distributed to the LWDA in a second, post-distribution supplemental payment.

12. The Court finds and determines that the pro-rata methodology to determine payments to Class members as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims is fair and reasonable. Payment to the Settlement Class Members shall be made by the Settlement Administrator pursuant to the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims.

13. The terms of the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims, this Order, and the accompanying proposed Judgment, filed concurrently herewith, are binding on all parties to this action, including Settlement Class members, their heirs, executors, administrators, successors and assigns.

14. This Order covers all payments to Settlement Class members, payment to the LWDA, the claim for attorneys' fees and expenses by Class Counsel, and for the costs of administration of the settlement. Defendant shall not be required to pay any other or additional amounts in connection with the settlement other than those amounts set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims and herein.

15. The parties will bear their own costs and attorneys' fees except as otherwise provided by this Order.

16. If the settlement does not become final and effective in accordance with the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims, this Order and all orders entered in connection herewith, including the accompanying proposed Judgment shall be deemed void and vacated.

17. The Court shall retain exclusive and continuing jurisdiction over the Parties, including all Class members, and on all matters relating to the action and the administration, consummation, enforcement, interpretation of the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims, the enforcement of this Order and proposed Judgment, and for any other purpose related to this matter.

18. There is no reason to delay enforcement of this Order and the accompanying proposed Judgment. The Settlement Administrator is hereby ordered to disburse the settlement funds as set forth in the Joint Settlement Stipulation, as amended by the Stipulation to Amend the Joint Stipulation for Class Action Settlement and Release of Claims.

IT IS SO ORDERED.

Dated: October 10, 2014

CLAUDIA WILKEN
United States District Court Judge